NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0435n.06

No. 22-1054

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |
|---|---|
| SAINT MICHAEL ACADEMY, INC, ) | |
| Plaintiff-Appellant, ) | |
| ) | **FILED** |
| v. ) | Oct 26, 2022 |
| ) | DEBORAH S. HUNT, Clerk |
| ELIZABETH HERTEL, in her official capacity as ) | |
| the Director of the Michigan Department of Health ) | |
| and Human Services, ) | |
| Defendant-Appellee. ) | |

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

OPINION

Before: MOORE, THAPAR, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Saint Michael Academy, a private Catholic school in Petoskey, Michigan, challenges two orders from the Michigan Department of Health and Human Services (MDHHS) that prohibited in-person schooling in public and private high schools for a little over a month in the early days of the COVID-19 pandemic. Those orders expired nearly two years ago and MDHHS has imposed no similar order since. As a result, Saint Michael's claims for injunctive and declaratory relief are moot. And Saint Michael's claims, insofar as they seek nominal damages, also must be dismissed. We AFFIRM.

I.

Saint Michael Academy is a private Catholic school in Petoskey, Michigan. Saint Michael educates students in grades 7 through 12. Like all public and private schools throughout Michigan, its doors were shuttered in the early days of the pandemic due to executive orders issued by Michigan Governor Gretchen Whitmer. Those orders aren't at issue in this case. Instead, Saint

Michael takes issue with two orders issued by MDHHS in late 2020. First, on November 15, 2020, MDHHS issued an order restricting a variety of indoor gatherings, including prohibiting "[g]atherings at public, nonpublic, and boarding schools for the purpose of conducting in-person instruction, sports, and extracurricular activities serving pupils in grades 9 through 12," effective November 18, 2020. MDHHS extended the prohibition until December 20, 2020, through an order entered on December 7, 2020. On December 18, 2020, MDHHS issued an order removing the restriction on in-person high school instruction effective December 21, 2020. Based on these orders, Saint Michael's high-school students couldn't attend school from November 18, 2020 to December 20, 2020. Since then, there has been no statewide prohibition on in-person instruction for any school.

Saint Michael sued Elizabeth Hertel in her official capacity as the Director of MDHHS, alleging six constitutional violations. MDHHS moved to dismiss on the grounds that the case was moot pursuant to Federal Rule of Civil Procedure 12(b)(1) and that Saint Michael had failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court granted MDHHS's motion to dismiss. It found Saint Michael's requests for injunctive and declaratory relief moot. It also determined that Saint Michael's request for nominal damages failed because there was no completed violation of a constitutional right. Saint Michael now appeals.

## II.

Article III permits federal courts to decide only "Cases" or "Controversies." U.S. Const. art. III, § 2. Federal courts may not "decide questions that cannot affect the rights of litigants in the case before them." *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (citation omitted). While a case may initially present a live case or controversy, "events during the pendency of the litigation" may mean that "the court's decision would lack any practical effect." *Ohio v. EPA*, 969

F.3d 306, 308 (6th Cir. 2020). If so, the issues presented are "no longer live," and the case is moot. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation and internal quotation marks omitted).

Saint Michael argues that its challenge to the long-expired school closure orders falls within an exception to the mootness doctrine for cases "capable of repetition, yet evading review."[1] *See Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006) (citation omitted). That exception "applies when (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration and (2) there is a reasonable expectation or a demonstrated probability that the controversy will recur." *Id.*

We may assume that the first prong is met, but Saint Michael can't meet the second. As in *Resurrection School v. Hertel*, we see no reasonable expectation or demonstrated probability that the State will reimpose a school shutdown order. 35 F.4th 524, 528–29 (6th Cir. 2022) (en banc). The last such order ended almost two years ago. Michigan has been through several COVID waves since, and MDHHS has not issued a school shutdown order. In addition, since MDHHS last imposed a school shutdown order in December 2020, "the relevant circumstances have changed dramatically." *Id.* at 529. "At that time, nobody was vaccinated and treatments were less effective than they are now." *Id.* Vaccines are now readily available, including for high-school-aged students. And given the wealth of caselaw analyzing the constitutionality of various pandemic-

---

[1]Saint Michael also argues that the voluntary-cessation exception to mootness applies. The district court, however, concluded that Saint Michael had failed to raise a voluntary-cessation exception argument and so didn't address it. We see no abuse of discretion in the district court's forfeiture decision. *See King v. Taylor*, 694 F.3d 650, 659 (6th Cir. 2012) ("We review a district court's ruling on forfeiture for an abuse of discretion."). Thus we don't consider the voluntary-cessation exception. *See Armstrong v. City of Melvindale*, 432 F.3d 695, 700 (6th Cir. 2006) ("[T]he failure to present an issue to the district court forfeits the right to have the argument addressed on appeal."). Even if we did consider the exception, Saint Michael would lose largely for the same reasons as the plaintiffs in *Resurrection School v. Hertel*. 35 F.4th 528, 528–30 (6th Cir. 2022) (en banc).

related orders and further evidence on what works to stop the spread of COVID and what doesn't, "[w]e are unlikely to see this mandate in a similar form again." *Id.* at 530. There is thus no reasonable expectation or demonstrated probability that MDHHS will reimpose similar orders.

Saint Michael largely hinges its argument on one exchange at the district court hearing on the motions to dismiss. There, counsel for MDHHS mentioned that the agency had not reimposed similar orders despite two substantial peaks. He then stated: "[W]hile obviously we are never taking anything off the table, because we can't predict what will happen in the future, it is unlikely that that restriction would be reimposed, and there is certainly no evidence to suggest that it would be reimposed anytime in the near future." That is not enough. The Supreme Court "has never held that a mere physical or theoretical possibility was sufficient to satisfy" this exception. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Instead, there must be "a demonstrated probability that the same controversy will recur." *Id.* (citation and internal quotation marks omitted). Here, given the changed circumstances since MDHHS instituted the school shutdown orders, there is no demonstrated probability that it will reinstate similar orders in the future. Saint Michael's claims for injunctive and declaratory relief are moot.

### III.

In addition to seeking declaratory and injunctive relief, Saint Michael also sought nominal damages for the alleged constitutional violations. Last year, the Supreme Court explained that "a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021). It follows then that to the extent Saint Michael is seeking retrospective relief for a completed violation of its constitutional rights, those claims are not moot. *See Thompson v. Whitmer*, No. 21-2602, 2022 WL 168395, at *4 (6th Cir. Jan. 19, 2022).

Nonetheless, those claims run into a different roadblock—the Eleventh Amendment. Under the Eleventh Amendment, states enjoy sovereign immunity from suits brought by private parties seeking damages in federal courts. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). To be sure, Congress may abrogate states' sovereign immunity, *see id.* at 59–73, but it has not done so here.

Saint Michael brings its claim for nominal damages pursuant to 42 U.S.C. § 1983. The Supreme Court has recognized that Congress didn't abrogate states' sovereign immunity through § 1983. *See Quern v. Jordan*, 440 U.S. 332, 340–41 (1979). In fact, neither the States themselves, nor state officials sued in their official capacities, are "persons" who can be sued for damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64–66 (1989); *see id.* at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." (citations omitted)). Here, Saint Michael sued Elizabeth Hertel in her official capacity as the Director of MDHHS. That "is no different from a suit against the State itself," *id.*, so Saint Michael can't use § 1983 to sue the State for damages, even nominal ones, and get around the Eleventh Amendment. *See Kanuszewski v. Mich. Dep't of Health & Human Servs.*, 927 F.3d 396, 413 (6th Cir. 2019) ("State sovereign immunity generally bars damages actions against states from proceeding in federal court."); *Uzuegbunam*, 141 S. Ct. at 801 ("[N]ominal damages are in fact damages paid to the plaintiff . . . and thus independently provide redress."); *see also ACLU of Mass. v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 53 n.7 (1st Cir. 2013) ("[A] claim for nominal damages is foreclosed by . . . sovereign immunity."); *Platt v. Moore*, 15 F.4th 895, 910 (9th Cir. 2021) ("[S]tate sovereign immunity protects state officer defendants sued in federal court in their official capacities from liability in damages, including nominal damages."); *Familias Unidas v. Briscoe*, 619 F.2d 391, 405 (5th Cir. 1980) (holding that,

because the State of Texas didn't waive sovereign immunity, it could not be held liable "even for nominal damages under section 1983").

\* \* \*

We AFFIRM.